IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:02cr38-RH

CHARLES BYNUM,

     Defendant.

_____/

ORDER DENYING A SENTENCE
REDUCTION UNDER AMENDMENT 782

     The defendant Charles Bynum has moved to reduce his sentence under United States Sentencing Guidelines Amendment 782. But Mr. Bynum received the minimum mandatory sentence. And even aside from the minimum mandatory, Mr. Bynum was a career offender. His sentence was not affected by the drug guideline that was reduced by Amendment 782. He is not eligible for a reduction. This order denies relief.

     The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level"

with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual ("*Guidelines Manual*") § 2D1.1 (2016). But a minimum mandatory takes priority over the guidelines; when a minimum mandatory is higher than the otherwise-applicable guideline range, the minimum mandatory becomes the guideline sentence.

A defendant who received the minimum mandatory sentence is not eligible for a reduction under Amendment 782. *See Guidelines Manual* § 1B1.10, cmt. n.1(A); *see also United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012); *United States v. Glover*, 686 F.3d 1203, 1207-1208 (11th Cir. 2012).

Had Mr. Bynum not been subject to the minimum mandatory, he still would not be eligible for a sentence reduction under Amendment 782. The amendment reduced the base offense level for most drug offenses. The amendment did not, however, affect the separate career-offender offense level. Mr. Bynum was a career offender. The offense level of a career offender was and still is determined under a wholly separate guideline. A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission.*" 18 U.S.C. § 3582(c)(2) (emphasis added). But a district court must not reduce the sentence of a

defendant whose range has not been lowered. Because the career-offender guideline range has not been changed, Mr. Bynum is not eligible for a reduction.

The Eleventh Circuit squarely so held in addressing indistinguishable prior guideline amendments. *See United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012) (Amendment 750); *United States v. Moore*, 541 F. 3d 1323, 1327 (11th Cir. 2008) (Amendment 706). *See also United States v. Allen*, 623 F. App'x 529, 530 (11th Cir. 2015) (unpublished) ("[The defendant] was not eligible for a reduction in sentence because Amendment 782 did not have the effect of reducing his sentence range under the Guidelines due to his status as a career offender and the operation of § 4B1.1.").

This order does not affect Mr. Bynum's presidential commutation.

For these reasons,

IT IS ORDERED:

1. The motion to reduce the sentence, ECF No. 161, is denied.

2. The clerk must provide a copy of this order to Mr. Bynum himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on January 9, 2017.

s/Robert L. Hinkle<br>United States District Judge