# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                           CASES NO. 5:02cr38-RH/CAS
                                                       5:16cv181-RH/CAS

CHARLES BYNUM,

        Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Charles Bynum has moved for relief under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* addressed the armed career criminal act, 18 U.S.C. § 924(e). The act applies to a defendant who is convicted of possessing a firearm as a convicted felon and who has three or more prior convictions of a violent felony or serious drug offense. *Johnson* held unconstitutionally vague part of the definition of a violent felony—the part sometimes referred to as the "residual clause."

Mr. Bynum was convicted of conspiring to possess methamphetamine with intent to distribute it. He was not charged with or convicted of possessing a firearm

as a convicted felon. *Johnson* does not apply to Mr. Bynum's conviction or sentence. He is not entitled to relief.

To be sure, Mr. Bynum was treated as a career offender under United States Sentencing Guidelines Manual § 4B1.1. A career offender must have at least two prior convictions of a crime of violence or drug trafficking offense. The definition of a crime of violence was set out in § 4B1.2 and had a residual clause similar to the one that *Johnson* held unconstitutional. But this does not entitle Mr. Bynum to relief for two reasons, either of which would be sufficient standing alone to require denial of his § 2255 motion.

First, Mr. Bynum was (and is) a career offender based on his two prior drug trafficking convictions, not based on any crime of violence. The career-offender residual clause had nothing to do with Mr. Bynum's sentence.

Second, in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the vagueness principle underlying *Johnson* does not apply to the Sentencing Guidelines. So even if the career-offender residual clause had been a basis for Mr. Bynum's sentence—it was not—Mr. Bynum still would not be entitled to relief.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has

made a substantial showing of the denial of a constitutional right." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v.*

*Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a

§ 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must
> make a substantial showing of the denial of a constitutional
> right, a demonstration that, under *Barefoot*, includes
> showing that reasonable jurists could debate whether (or, for
> that matter, agree that) the petition should have been
> resolved in a different manner or that the issues presented
> were "adequate to deserve encouragement to proceed
> further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to

obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

Mr. Bynum has not made the required showing. This order thus denies a

certificate of appealability. If Mr. Bynum wishes to be heard further on the

certificate-of-appealability issue, he may move for a certificate of appealability,

and the issue will be reconsidered de novo.

For these reasons,

IT IS ORDERED:

1. The motion for relief under 28 U.S.C. § 2255, ECF No. 159, is denied.

2. A certificate of appealability is denied.

SO ORDERED on June 18, 2018.

s/Robert L. Hinkle
United States District Judge